IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHARD M. ALVEY, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01153 (PTG/LRV) |
| ) | |
| JOSEPH R. BIDEN, President of the United ) | |
| States, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on the Motion to Dismiss ("Motion"), filed by Respondent Joseph R. Biden, President of the United States of America, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 4. Petitioner Richard M. Alvey's Petition for a Writ of Mandamus requests that "this Court issue a writ of mandamus ordering [Respondent] to ban private ownership or possession of automatic weapons." Dkt. 1 ("Petition") at 3. In the Motion, Respondent argues that the Petition must be dismissed for lack of subject matter jurisdiction because Petitioner has failed to allege standing. In addition to filing an opposition to the Motion, Petitioner also filed a Motion for Declaratory Judgment. Dkt. 11. On December 14, 2023, the Court held oral argument on both motions and took the matter under advisement. Dkt. 13. On February 2, 2024, Petitioner filed a "Submission of Revised Proposed Declaration of Law." Dkt. 14. The Court has reviewed and considered the parties' briefs and arguments. For the reasons stated below, Respondent's Motion to Dismiss is granted, and Petitioner's Motion for Declaratory Judgment is denied.

According to the Petition, Petitioner is a U.S. citizen and as such, the U.S. Constitution affords him, and all U.S. citizens, many rights. Petition ¶ 2. Petitioner focuses on the Second

Amendment and maintains that it must be construed in a way that does not "deny or disparage other enumerated rights retained by the people[,]" which Petitioner argues is mandated by the Ninth Amendment. *Id.* ¶ 5. Petitioner asserts that his First Amendment rights to peaceably assemble and to freedom of religion and his right to domestic tranquility, as enumerated in the Constitution's Preamble, are being denied because the Second Amendment is currently construed to allow the private ownership and possession of automatic weapons.[1] *Id.* ¶¶ 7, 9, 11. Petitioner maintains that the private ownership and possession of automatic weapons brings about mass shootings in public places, including places of worship, and "leaves the People and [Petitioner] in constant fear[.]" *Id.* Due to the alleged violation of his constitutional rights, Petitioner requests that the Court issue a Writ of Mandamus ordering Respondent to ban private ownership of automatic weapons pursuant to the Mandamus Act, 28 U.S.C. § 1361. Petition at 3.

Federal district courts are courts of limited subject matter jurisdiction as "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As the Fourth Circuit has recognized, "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3) (providing that the court may dismiss for lack of subject matter jurisdiction at "any time")). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d

---

[1] As noted by Respondent, Congress banned the possession of machine guns, which are defined as weapons that can shoot automatically. 18 U.S.C. § 922(o) (prohibiting the possession or transfer of machine guns except those lawfully possessed before the date that the law took effect); 26 U.S.C. § 5845(b) (defining machine guns). In his Motion for Declaratory Judgment, Petitioner pivots his requests from involving "automatic weapons" to "assault rifles." *See* Dkt. 11 at 1–2 ("The theory of my case is that the 9th Amendment demands the 2nd Amendment not be construed to allow assault weapons because it would deny or disparage my enumerated right to the practice of religion and freedom to peaceably assemble."). Regardless of which weapon's ownership and possession the Petition seeks to challenge, this Court's ruling is the same.

642, 647 (4th Cir. 1999). When assessing whether the complaint alleges facts upon which jurisdiction can be based, the district court must treat the facts alleged in the complaint as true and grant the motion under Rule 12(b)(1) if the complaint fails to allege sufficient facts to invoke subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

"Article III of the Constitution requires a litigant to possess standing . . . for a lawsuit to proceed in federal court." *Ali v. Hogan*, 26 F.4th 587, 595 (4th Cir. 2022). "[T]he irreducible constitutional minimum of standing" requires an "injury in fact" that is "fairly . . . trace[able] to the challenged action" and that can likely be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alteration in original) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 462 U.S. 26, 38, 41–43 (1976)). "To establish injury in fact, a plaintiff must show that he . . . suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Here, Respondent argues that this Court lacks subject matter jurisdiction because Petitioner has failed to allege standing. Dkt. 6 at 5–8. The Court agrees.

Petitioner falls short of his burden because he does not allege a particularized injury. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 207 (4th Cir. 2017) (quoting *Spokeo*, 578 U.S. at 339). In the Petition, the Petitioner seek to address his and "the people's" rights in general. *See* Petition ¶¶ 7 (stating that "private ownership and possession of automatic weapons denies or disparages the people's and Plaintiff's First Amendment right to freedom of religion"), 9 (stating "private ownership and possession of automatic weapons denies or disparages the people's and Plaintiff's First Amendment right to peaceably assemble"), 11–12 (alleging that the People's and

3

Plaintiff's right are impacted). By doing so, Petitioner alleges a generalized grievance, instead of one that is personal and individual. In other words, Petitioner's concerns are "shared by all or a large class of citizens[.]" *Parkridge 6, LLC v. U.S. Dep't of Transp.*, 420 F. App'x 265, 267 (4th Cir. 2011) (per curiam) (finding that the appellants' impaired access to local airports and new tolls and taxes were not sufficient to establish standing). Because the Petition "rais[es] only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution[,]" Plaintiff does not raise a genuine case or controversy that the Court may resolve. *Lujan*, 504 U.S. at 573–74.

In addition, Petitioner alleges that automatic weapons have the ability "to kill numerous people[,]" leaving Petitioner "in constant fear[.]" Petition ¶ 11. While a threatened injury may constitute an injury in fact, the "threatened injury must be *certainly impending* to constitute injury in fact[.]" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). "'[A]llegations of *possible* future injury' are not sufficient." *Id.* (quoting *Whitmore*, 495 U.S. at 158). The Court recognizes that there is a potential threat of mass violence. However, Petitioner's allegation of a threatened injury possibly resulting from the next shooting, whenever or wherever that may be, "relies on a[n] . . . attenuated chain of possibilities," which does not satisfy the "certainly impending" requirement to establish standing. *Id.* at 410. Thus, the Petition must be dismissed because without an individualized and "certainly impending" injury in fact, Petitioner has failed to assert standing to bring this claim.[2]

Petitioner appears to argue that standing is not required when the President faces a Petition for a Writ of Mandamus, asserting that standing was not raised in *National Treasury Employees*

---

[2] Because the Court dismisses the Petition on the basis that Petitioner has failed to allege an injury in fact, and thus has not alleged standing, the Court will not address Respondent's other arguments advocating for dismissal.

*Union v. Nixon*, 492 F.2d 587 (D.C. Cir. 1974), "the only known case where a President has faced" such a Petition, Dkt. 9 at 1. Although standing was not explicitly discussed in *National Treasury Employees Union*, the petitioners had sufficiently established standing by alleging that they had failed to receive a pay adjustment as required by the statute at issue—the Federal Pay Comparability Act ("FPCA"), 5 U.S.C. § 5301. 492 U.S. at 591–92 ("NTEU . . . contend[s] that under Section 5303(a) of the FPCA the President was required to implement a comparability pay adjustment for federal employees effective in October, 1972[.]"). The standing requirement applied to *National Treasury Employees Union*, as it does in every case before a federal court; it was met. In this case, the standing requirement has not been met and the Petition must be dismissed for lack of subject matter jurisdiction.

Petitioner's Motion for Declaratory Judgment must fail as well. Dkt. 11. Petitioner attempts to rectify the Petition's standing deficiency by arguing that Supreme Court precedent affords standing to individuals who assert that their environmental wellbeing is threatened by changes to surrounding environmental conditions. *Id.* at 2. Despite the fact that Petitioner is proceeding *pro se*, Petitioner is not permitted to amend his pleading via subsequent briefing. *See, e.g., S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Even if such amendment were allowed, Petitioner's environmental wellbeing argument suffers in the same way as did his original standing argument—namely, that he alleges a generalized grievance that all Americans' environment has been or will be affected by the allowance of the possession and private ownership of certain weapons. Supreme Court precedent bears out that allegations concerning environmental wellbeing only afford standing where injuries have affected or will imminently and certainly affect specific individuals or groups of individuals.

*See, e.g., Duke Power Co. v. Carolina Envt'l Study Grp.*, 438 U.S. 59, 73 (1978) (holding that the plaintiffs established standing where the future development of a nuclear power plant would emit radiation in the local environment). Petitioner's Motion has failed to allege such a particularized injury.

This Court sympathizes with Petitioner's claim. The threat of mass violence has become commonplace in American society today whether at schools, houses of worship, grocery stores, shopping malls, bowling allies, sporting events, or community celebrations. No one is immune. This Court, however, does not have the authority to grant the relief that Petitioner seeks.

Accordingly, it is hereby

**ORDERED** that Respondent's Motion to Dismiss (Dkt. 4) is **GRANTED**. All Plaintiff's claims are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Motion for a Declaratory Judgment (Dkt. 11) is **DENIED**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is **DIRECTED** to close this civil action.

Entered this 5th day of March, 2024
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

6